[No. S055436. July 21, 1997.]

CHARLES PHELPS IV, Plaintiff and Appellant, v.
GERTRUDE STOSTAD, Defendant and Respondent.

## COUNSEL

Clark D. Nicholas for Plaintiff and Appellant.

John C. Lauritsen for Defendant and Respondent.

## OPINION

GEORGE, C. J.—This case requires us to determine the proper interplay between Code of Civil Procedure section 1141.21, subdivision (a)(ii) (hereafter section 1141.21(a)(ii)), which governs the recovery of costs when a party elects a trial de novo following a judicial arbitration, and Labor Code section 3856 (hereafter section 3856), which establishes the priority for the allocation of the proceeds of a judgment when, as here, an injured employee (or his or her employer) obtains a judgment against a third party tortfeasor. The Court of Appeal, following dicta in an earlier appellate court opinion,

found that the provisions of the two statutes conflict, and concluded that section 1141.21(a)(ii) takes precedence over section 3856.

Contrary to the Court of Appeal's determination, we conclude that the two statutes do not conflict, and that each can and should be applied in a manner consistent with its own language and within its own sphere without interfering with the operation of the other. As explained below, section 1141.21(a)(ii) prohibits a party who elects a trial de novo, but does not obtain a judgment more favorable than the arbitration award, from recovering costs *in addition to the judgment*, but section 1141.21(a)(ii) does not affect the allocation of the proceeds of a judgment—as does section 3856 in specified circumstances—and, in particular, does not bar the allocation of a portion of the judgment for the payment of reasonable litigation expenses or attorney fees. Accordingly, we hold that the trial court erred in failing to apply the provisions of section 3856 in allocating the proceeds of the judgment.

## I

On October 11, 1991, plaintiff Charles Phelps IV filed an action against defendant Gertrude Stostad for damages arising from personal injuries he allegedly sustained when a vehicle driven by defendant crashed into the building in which plaintiff was employed. On July 20, 1992, the superior court granted leave to plaintiff's employer, C.D.'s Pet Emporium, to file a complaint in intervention seeking reimbursement of workers' compensation benefits paid to plaintiff.

On March 18, 1993, defendant served plaintiff with an offer to settle the action for $60,000. (See Code Civ. Proc., § 998.) Plaintiff did not accept the offer.

The matter proceeded to judicial arbitration (Code Civ. Proc., § 1141.10 et seq.), which resulted in an award to plaintiff of $45,000 and an award to plaintiff's employer of its entire workers' compensation expenditure. Rather than accept the award, plaintiff exercised his statutory right to elect a trial de novo in superior court. (Code Civ. Proc., § 1141.20, subd. (b).)

Shortly before trial, plaintiff's employer assigned to defendant, in exchange for a settlement of $20,000, its right to reimbursement of workers' compensation benefits paid to plaintiff.

Trial by jury commenced on February 8, 1995. At the conclusion of the trial, the jury returned a verdict awarding plaintiff $5,000 for medical

expenses, $2,100 for lost earnings, and $7,500 for general damages. The trial court entered judgment in favor of plaintiff for $14,600.

Following entry of judgment, defendant filed a memorandum of costs that sought costs in the amount of $6,933.02. Thereafter, defendant, asserting the right assigned to her by plaintiff's employer to obtain reimbursement of the workers' compensation benefits that had been paid to plaintiff, filed a "Motion to Determine Set-off Against Judgment" in which defendant claimed she was entitled to have $28,000 set off against the judgment to reflect the amount of compensation benefits paid to plaintiff. In response, plaintiff asserted that, under section 3856, subdivision (b), his reasonable litigation costs and attorney fees (which he alleged amounted to more than $18,000) should be paid from the $14,600 judgment before the judgment was subject to a claim for reimbursement of workers' compensation benefits.[1]

Following dicta in *Crampton* v. *Takegoshi* (1993) 17 Cal.App.4th 308, 319 [21 Cal.Rptr.2d 284], the trial court ruled that because plaintiff had elected a trial de novo and received a judgment less favorable than the arbitration award, section 1141.21(a)(ii) precluded an award of litigation expenses and attorney fees under section 3856. Noting that defendant had agreed that her right to seek reimbursement of workers' compensation benefits applied only to those parts of the judgment awarding economic damages, the trial court offset the awards of $5,000 for medical expenses and $2,100 for lost earnings against the compensation-benefit reimbursement claim, leaving the $7,500 award for general damages. The trial court then awarded defendant her costs of $6,933.02, leaving plaintiff with a balance of $566.98. Plaintiff appealed, and the Court of Appeal affirmed the judgment. We granted review to examine the interplay between section 1141.21(a)(ii) and section 3856.

## II

Section 1141.21(a)(ii) and section 3856 address totally unrelated subjects.

Section 1141.21(a)(ii) is part of the chapter establishing a system of judicial arbitration, the purpose of which is to provide "an efficient and equitable method for resolving small [civil] claims . . . ." (Code Civ. Proc.,

---

[1]Plaintiff also argued in the trial court that the employer had waived its right to reimbursement by filing a complaint in intervention and failing to proceed to judgment on that complaint. Plaintiff did not raise this point in the Court of Appeal and has not argued it in this court. Accordingly, we express no view on that question.

§ 1141.10, subd. (a).) Under this system, "[i]n each superior court with 10 or more judges, all at-issue civil actions . . . shall be submitted to arbitration . . . if the amount in controversy in the opinion of the court will not exceed fifty thousand dollars ($50,000) for each plaintiff . . . ." (Code Civ. Proc., § 1141.11, subd. (a).) Recognizing that each party has a right to trial by jury guaranteed by article I, section 16 of the California Constitution, the Legislature has provided that any party that is dissatisfied with the arbitration award can elect to have a trial de novo. (Code Civ. Proc., § 1141.20, subd. (b); *Kelley* v. *Bredelis* (1996) 45 Cal.App.4th 1819, 1825 [53 Cal.Rptr.2d 536].)

To encourage parties to accept reasonable arbitration awards, the Legislature enacted Code of Civil Procedure section 1141.21, which provides that if a party elects a trial de novo following judicial arbitration, and fails to obtain a judgment that is more favorable than the arbitration award, that party shall pay the costs incurred by the opposing party following the election of the trial de novo and shall not recover his or her own costs incurred following the election of the trial de novo.[2] Section 1141.21(a)(ii) creates an exception to the usual rule that the prevailing party in an action "is entitled . . . to recover costs." (Code Civ. Proc., § 1032, subd. (b).)

The purpose of Code of Civil Procedure section 1141.21 is to discourage trials de novo. (*Bhullar* v. *Tayyab* (1996) 46 Cal.App.4th 582, 589 [54 Cal.Rptr.2d 17].) " 'While there is no specific legislative language to that effect, it is apparent that the legislature desired alternative, not cumulative, dispute resolution . . . and that the disincentive of Cal. Civ. Proc. Code § 1141.21 (West 1982) reflect[s] that underlying purpose.' " (*Demirgian* v. *Superior Court* (1986) 187 Cal.App.3d 372, 376 [231 Cal.Rptr. 698], fn. omitted.)[3]

In contrast to section 1141.21(a)(ii), section 3856 is part of a system of workers' compensation enacted pursuant to the authority vested in

---

[2]Code of Civil Procedure section 1141.21 states, in pertinent part: "(a) If the judgment upon the trial de novo is not more favorable in either the amount of damages awarded or the type of relief granted for the party electing the trial de novo than the arbitration award, the court shall order that party to pay the following nonrefundable costs and fees . . . : [¶] . . . [¶] (ii) To the other party or parties, all costs specified in Section 1033.5, and the party electing the trial de novo shall not recover his or her costs. [¶] . . . [¶] Such costs and fees . . . shall include only those incurred from the time of election of the trial de novo."

[3]In a similar fashion, Code of Civil Procedure section 998, subdivision (c), provides that when a defendant's settlement offer is refused, and the plaintiff fails to obtain a judgment more favorable than that offer, "the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer." We have observed that the purpose of this statute "is to encourage settlement by providing a strong financial disincentive to a party . . . who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer." (*Bank of San Pedro* v. *Superior Court* (1992) 3 Cal.4th 797, 804 [12 Cal.Rptr.2d 696, 838 P.2d 218]; see also Civ. Code, § 3291.)

the Legislature by article XIV, section 4 of the California Constitution to "'create, and enforce a complete system of workers' compensation . . . .'" (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978].) One purpose of workers' compensation is to relieve workers "from the consequences of any injury or death incurred or sustained by [them] in the course of their employment, irrespective of the fault of any party . . . ." (Cal. Const., art. XIV, § 4; Lab. Code, § 3600, subd. (a).)

■   With some exceptions not applicable here, when a worker is entitled to workers' compensation benefits for an injury, those benefits constitute the worker's exclusive remedy *against his or her employer* for injuries sustained in the course of employment. (Lab. Code, § 3602, subd. (a).) The worker, however, may recover a judgment from a negligent third party who caused the injury. (Lab. Code, § 3852.) Likewise, in appropriate circumstances, the employer is entitled to recover from the negligent third party the amount of compensation the employer has paid to the injured worker. (Lab. Code, § 3852; *Quinn* v. *State of California* (1975) 15 Cal.3d 162, 167 [124 Cal.Rptr. 1, 539 P.2d 761].) The employer may sue the third party directly, or may claim a portion of any judgment recovered by the injured employee. "[I]f an injured worker files suit against the third party tortfeasor and recovers damages, the worker's employer is entitled to receive out of such recovery the workers' compensation benefits that the employer has already paid. [Citations.]" (*Kavanaugh* v. *City of Sunnyvale* (1991) 233 Cal.App.3d 903, 908 [284 Cal.Rptr. 698]; *Quinn* v. *State of California, supra,* 15 Cal.3d 162, 167.)

■   Section 3856 governs the allocation between the employee and the employer of a judgment obtained against a negligent third party. That statute provides that whether the third party is sued by the employer alone (§ 3856, subd. (a)), the employee alone (§ 3856, subd. (b)), or both the employer and the employee (§ 3856, subd. (c)), any resulting judgment shall be used first to pay the "reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee." (§ 3856, subd. (b).) Next, the judgment shall be used to reimburse the employer for the amount of compensation paid to the employee. Any remaining portion of the judgment goes to the injured employee.[4]

The rule giving priority to the claim for litigation expenses and attorney fees was created for cases like the present one in which the amount of the

[4]Section 3856 states: "In the event of suit against such third party: [¶] (a) If the action is prosecuted by the employer alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employer's attorney in effecting recovery both for the benefit of the employer and the employee. After the payment of such expenses and attorney's fees, the court

judgment is insufficient to pay reasonable litigation expenses and attorney fees and also fully reimburse the employer. (See *Quinn* v. *State of California*, *supra*, 15 Cal.3d 162 [discussing legislative history and purpose of section 3856].) ▪ Interpreting section 1141.21(a)(ii) to preclude the payment of litigation expenses and attorney fees from the judgment would nullify the priority specifically granted to those expenses and would produce an unintended windfall for the employer.[5] We must determine whether section 1141.21(a)(ii) contemplates such a result.

shall apply out of the amount of such judgment an amount sufficient to reimburse the employer for the amount of his expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852 and shall order any excess paid to the injured employee or other person entitled thereto. [¶] (b) If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852. [¶] (c) If the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions, and they are represented by the same agreed attorney or by separate attorneys, the court shall first order paid from any judgment for damages recovered, the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorneys' fees based solely on the services rendered for the benefit of both parties where they are represented by the same attorney, and where they are represented by separate attorneys, based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented. After the payment of such expenses and attorneys' fees the court shall apply out of the amount of such judgment for damages an amount sufficient to reimburse the employer for the amount of his expenditures for compensation together with any other amounts to which he may be entitled as special damages under Section 3852. [¶] (d) The amount of reasonable litigation expenses and the amount of attorneys' fees under subdivisions (a), (b), and (c) of this section shall be fixed by the court. Where the employer and employee are represented by separate attorneys they may propose to the court, for its consideration and determination, the amount and division of such expenses and fees."

As noted, subdivision (b) of section 3856 applies when "the action is prosecuted by the employee alone," and subdivision (c) of section 3856 applies when "the action is prosecuted both by the employee and the employer." In the present case the parties, the trial court, and the Court of Appeal all proceeded on the assumption that this matter fell within subdivision (b), and in this court neither party contends that the present case is governed by subdivision (c). Accordingly, we express no view on that question.

[5]In the present case, the employer has assigned to defendant its right to reimbursement of workers' compensation benefits paid to plaintiff. This circumstance does not affect our analysis. "When plaintiff's employer sold its lien to defendant, defendant stepped into the shoes of employer for all purposes. [Citations.]" (*Crampton* v. *Takegoshi, supra*, 17 Cal.App.4th 308, 318.) "To the extent that defendant is asserting his assigned lien rights . . . , he is asserting them as the employer and not in his capacity as a party defendant." (*Id.* at p. 319.)

■ "A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. [Citations.] [¶] Additionally, however, we must consider the [statutory language] in the context of the entire statute [citation] and the statutory scheme of which it is a part. 'We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them." [Citations.]' [Citations.] ' "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." [Citation.] . . . . "When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear." [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]' " (*DuBois* v. *Workers' Comp. Appeals Bd.*, *supra*, 5 Cal.4th 382, 387-388.)

■ Section 1141.21(a)(ii) and section 3856 apply to different sets of relationships. Section 1141.21(a)(ii) governs the allocation of costs between opposing parties. Section 3856 governs the distribution of a judgment between an injured employee and his or her employer. Unlike the litigation adversaries governed by section 1141.21(a)(ii), the injured employee and the employer governed by section 3856 do not have opposing interests. They may be allied in litigation against the third party tortfeasor, or one of them even might not be a party to the litigation.

By their terms, there is no conflict between section 1141.21(a)(ii) and section 3856. As noted above, section 1141.21(a)(ii) provides that, following judicial arbitration, if a party elects a trial de novo and fails to obtain a more favorable judgment than the arbitration award, that party must pay the opposing party's costs and "shall not recover his or her costs" incurred following the election of the trial de novo. Section 3856 provides that when a judgment is obtained from a third party tortfeasor for an injury sustained by an employee in the course of his or her employment, the court first shall order paid from the judgment reasonable litigation expenses and reasonable attorney fees, and then shall apply the judgment to the reimbursement of compensation benefits paid by the employer. In so doing, section 3856 does not permit any party to "recover his or her costs" in contravention of section 1141.21(a)(ii). A party would "recover his or her costs" within the meaning of section 1141.21(a)(ii) if the trial court were to order the third party tortfeasor to pay the party's costs *in addition to* paying the amount of the

damages awarded by the judgment. A party does not "recover" costs for purposes of section 1141.21(a)(ii) simply because a portion of the judgment that the party has been awarded is used to pay litigation expenses or attorney fees.

Defining the phrase "shall not recover his or her costs," as used in section 1141.21(a)(ii), to preclude a party from using a judgment to pay costs incurred during the litigation would produce surprising consequences. A plaintiff who had elected a trial de novo following judicial arbitration, and obtained a judgment that was not more favorable than the arbitration award, not only would be required to pay the opposing party's costs, and be precluded from recovering its own costs from the opposing party, but also would be precluded from using the judgment to pay its own costs and attorney fees. Thus, such a plaintiff would be free to use the judgment for any other purpose, from paying rent to buying a new automobile, but would be precluded from using the judgment to pay litigation costs or attorney fees. In our view, it would be unreasonable to conclude that the Legislature intended this result when it enacted section 1141.21(a)(ii).

Our conclusion that section 1141.21(a)(ii) does not preclude application of section 3856 is consistent with the apparent purpose and design of section 1141.21(a)(ii). The sanction imposed by section 1141.21(a)(ii) upon a party that unwisely elects a trial de novo is closely tied to the harm caused to the opposing party. The penalty is paid to the opposing party, and is limited to those costs incurred by the opposing party following election of the trial de novo.[6] In addition, the opposing party is relieved of its obligation as the "losing party" to pay the costs of the party that elected the trial de novo. Permitting section 3856 to be applied does not deprive the third party tortfeasor of the benefits contemplated by section 1141.21(a)(ii). Moreover, in determining what litigation expenses and attorney fees are reasonable within the meaning of section 3856, a court may consider whether it was reasonable to request a trial de novo.[7] If, at the time the party elected the trial de novo, there had been no reasonable prospect of a recovery significantly greater than the arbitration award, a court applying section 3856 could exclude expenses incurred for the trial de novo. This further demonstrates that section 3856 and section 1141.21(a)(ii) do not conflict.

---

[6]In discussing an unrelated issue, the court in *Crampton* v. *Takegoshi, supra,* 17 Cal.App.4th 308, 320, observed: "Since costs are not assessable against nonparties, the imposition of costs under the statute as a penalty makes sense only in relation to parties to the action."

[7]Because the trial court ruled that plaintiff was not entitled to an award of litigation expenses and attorney fees under section 3856, the court did not determine what amount would constitute a "reasonable" award of such expenses and fees under the statute. On remand, the parties shall have an opportunity to litigate this issue.

Accordingly, we hold that even when a party who has elected a trial de novo following judicial arbitration is precluded by section 1141.21(a)(ii) from recovering his or her costs, the proceeds of the judgment obtained by the party are subject to allocation pursuant to the provisions of section 3856, including the use of the judgment for the payment of reasonable litigation expenses and attorney fees. We disapprove dictum to the contrary in *Crampton* v. *Takegoshi, supra,* 17 Cal.App.4th 308, 319.

## III

The judgment of the Court of Appeal is reversed, and the case is remanded to the Court of Appeal with directions to remand the matter to the trial court for further proceedings consistent with this opinion.

Mosk, J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.