[No. A098037. First Dist., Div. Three. Nov. 27, 2002.]

THE GREENLINING INSTITUTE et al., Petitioners, v.
PUBLIC UTILITIES COMMISSION, Respondent;
PACIFIC BELL TELEPHONE COMPANY, Real Party in Interest.

## COUNSEL

The Greenlining Institute, Robert Gnaizda, Itzel Berrio; McCutchen, Doyle, Brown & Enersen, Terry J. Houlihan, Thomas S. Hixon, Randall Hegarty; Latino Issues Forum and Susan E. Brown for Petitioner.

Gary M. Cohen, Mary F. McKenzie and Judith Allen for Respondent.

James B. Young, David A. Discher; Pillsbury Winthrop, Robert A. Mittelstaedt, Craig E. Stewart and Patrick S. Thompson for Real Party in Interest.

## OPINION

**PARRILLI, J.**—This petition for writ of review arises out of proceedings brought before the Public Utilities Commission (PUC) by several consumer groups and individual consumers against Pacific Bell Telephone Company (Pacific), alleging that Pacific engaged in deceptive marketing of its optional telephone services. The PUC determined that certain of Pacific's practices were unlawful and ordered prospective and retrospective relief.[1]

The Greenlining Institute, the Latino Issues Forum, and 17 individuals identified as California residents and customers of Pacific (collectively Greenlining) seek review of the PUC's decision not to adjudicate Greenlining's claims that Pacific's conduct violated the Unfair Practices Act (Bus. & Prof. Code, § 17200 et seq.)[2] and the False Advertising Act (§ 17500 et seq.), together, the unfair competition law (UCL). We conclude Greenlining's arguments lack merit.

Ordinarily, we would issue a summary denial of a petition found to lack merit. However, we take the somewhat unusual step of writing to express our reasoning for denying Greenlining's petition because of the importance of the legal issue presented.[3]

## I. Factual and Procedural History

In 1998, the Utility Consumers' Action Network, Greenlining, and the Telecommunications Union, California Local 103, International Federation of Professional and Technical Engineers, AFL-CIO filed complaints against

---

[1] In a separate petition, Pacific seeks review of many aspects of the PUC's decision as modified on rehearing, including findings of fact, conclusions of law, and the relief ordered. We have concluded Pacific presents no convincing argument for annulment of the PUC's decision. Therefore, by a separate order filed the same day, we have denied Pacific's petition.

[2] Except as otherwise indicated, all further undesignated statutory references are to the Business and Professions Code.

[3] At the time this opinion was filed, there were two cases pending before the Supreme Court that raised the correlated issue whether superior courts have jurisdiction over UCL claims where proceedings involving the same underlying facts are pending before the PUC. (*People ex rel. Orloff v. Pacific Bell* (2001) 89 Cal.App.4th 844 [108 Cal.Rptr.2d 48], review granted Sept. 26, 2001, S099131; *Pacific Gas & Electric Co. v. Superior Court* (2002) 95 Cal.App.4th 1389 [116 Cal.Rptr.2d 562], review granted May 1, 2002, S104412.)

Pacific with the PUC. The complaints alleged that Pacific was using a variety of misleading and deceptive marketing practices to sell optional services to customers in violation of various laws and PUC orders. All the allegations relate to marketing practices on incoming calls to Pacific's service representatives from residential customers.

Greenlining's complaint alleged violation of Public Utilities Code sections 451, 2893 and 2896, subdivision (a) and tariff rule 12. Greenlining also alleged that Pacific's conduct constituted unfair competition in violation of section 17200 et seq. and false and deceptive advertising in violation of section 17500 et seq.

In June 1998, the administrative law judge consolidated the complaints into one adjudicatory proceeding and included a petition filed by the PUC's Office of Ratepayer Advocates that raised similar issues. The Utility Reform Network (TURN) and the Communications Workers of America (CWA) were allowed to intervene.

On September 20, 2001, the PUC ruled by a three-to-two margin in favor of Pacific on some issues, but also found that Pacific had engaged in misleading or potentially misleading marketing practices. (*TURN v. Pacific Bell* (2001) Cal. P.U.C. Dec. No. 01-09-058 (hereafter Final Opinion).) It declined to rule on the UCL claims.

The PUC ordered various remedies, including that Pacific must provide certain notices and disclosures to customers and must file an advice letter modifying tariff rule 12, which deals with disclosures of rates and information to the public. It also ordered changes to the manner in which service representatives handle customer calls and capped sales-based incentive compensation. Pursuant to Public Utilities Code section 2107, the PUC assessed a fine for two violations, Pacific's marketing of caller ID blocking options and its sequential marketing of optional services. Finding that the violations were continuing, the PUC imposed per-day penalties totaling $25.55 million.

Greenlining, CWA and Pacific filed applications for rehearing. Greenlining contended that it was error for the PUC to decline to rule on its Business and Professions Code claims and that the fines assessed against Pacific were too low. The PUC granted limited rehearing to (1) change the ending date for the penalty period, which reduced the amount of penalties to $15.225 million, (2) eliminate the cap on incentive compensation, and (3) correct errors and insert additional language. (*Order Granting Limited Rehearing and Modifying Dec. No. 01-09-058* (2002) Cal. P.U.C. Dec. No. 02-02-027 (hereafter *Rehearing Order*).) In rejecting Greenlining's claim that the PUC

was required to adjudicate its UCL claims, the *Rehearing Order* indicated that "the Commission has discretion to leave enforcement of certain claims to the courts." The PUC concluded that it had "resolved the issues presented in this case" and that it "did not have to rely on Business and Professions Code sections to fashion a remedy to dispose of the complaints."

Greenlining timely petitioned this court for review.

## II. *Discussion*

Greenlining makes a number of arguments that the PUC erred in declining to rule on its UCL claims and that this court should remand to the PUC for appropriate determinations. ▮▮▮ But the threshold issue the petition presents is the purely legal question whether the PUC has jurisdiction over such claims in the first place. Because we conclude it does not, Greenlining's other arguments are moot.

Greenlining bases its argument that the PUC has jurisdiction over UCL claims on the Legislature's broad grant of authority to the PUC to adjudicate complaints. Public Utilities Code section 1702 provides that the PUC has adjudicatory power over complaints "made by the commission of its own motion or by any [person] by written petition or complaint, setting forth any act or thing done or omitted to be done by any public utility . . . in violation or claimed to be in violation, of any provision of law or of any order or rule of the commission." According to Greenlining, because Pacific is a public utility and sections 17200 et seq. and 17500 et seq. are provisions of law, "[i]t follows that the Commission has jurisdiction over Greenlining's claims under those provisions."

### A. *Section 17200*[4]

Our analysis of whether the PUC has jurisdiction over unfair business practices claims must begin with section 17204. Section 17204 provides, in relevant part: "Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney . . . or by any person acting for the interests of itself, its members or the general public." Respondent PUC and real party in interest Pacific contend this provision is dispositive against Greenlining.

In stating that it would not rule on the UCL claims, the PUC cited section 17204: "Our disposition of the instant complaint rests on Public Utilit[ies]

---

[4]The parties focus their arguments almost entirely on section 17200 et seq. We address section 17500 et seq. separately for the sake of clarity.

Code issues, and we do not adjudicate the Unfair Competition Law claims. (See Business and Profession[s] Code § 17204.)" (Final Opn., *supra*, at p. 9.) Despite its obvious relevance, Greenlining did not even mention this section in its petition. In fact, Greenlining went so far as to quote from the Final Opinion in its petition, including the same sentence quoted above but omitted the PUC's citation to section 17204, noting only "(citations omitted)."[5]

The statutory language is clear. Actions seeking any relief under section 17200 et seq. "shall," i.e., *must,* be brought in court. ■ If the words of a statute are reasonably free of ambiguity and uncertainty, we look no further than those words to determine the meaning of that language. (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1503 [82 Cal.Rptr.2d 368]; see also *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443 [261 Cal.Rptr. 574, 777 P.2d 610] [noting the "well-settled principle of statutory construction that the word 'may' is ordinarily construed as permissive, whereas 'shall' is ordinarily construed as mandatory, particularly when both terms are used in the same statute"].)

■ Moreover, the 1993 amendment to section 17204 leaves no doubt as to the appropriate forum for section 17200 actions. The amendment substituted "*shall* be brought *exclusively* in a court of competent jurisdiction" for "*may* be prosecuted." (Historical and Statutory Notes, 5 West's Ann. Bus. & Prof. Code (1997 ed.) foll. § 17204, p. 173, italics added.) The legislative history, although sparse, is clear. Entitled "Clarifying Proper Forum for Unfair Competition Actions," the proposal's analysis stated, "[t]his proposal would clarify that actions for remedies under the unfair competition statute should be filed with and adjudicated by the 'court of competent jurisdiction,' generally the Superior Court in the county in which the unfair acts or practices took place." (Assem. Com. on Judiciary, coms. on Sen. Bill No. 2205 (1993-1994 Reg. Sess.) for hearing of July 13, 1993 [proposal of Thomas A. Papageorge, Head Deputy District Attorney, Consumer Protection Division, Los Angeles District Attorney's Office].)

Greenlining does not dispute the clarity of the statutory language or that actions for relief under section 17200 must be brought in the courts. Rather, Greenlining argues that section 17204 is "irrelevant" and inapplicable to its

---

[5]Greenlining improperly makes its arguments regarding section 17204 for the first time in its reply brief. (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 616, pp. 648-649 [improper and unfair to raise new points on reply]; *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894-895, fn. 10 [93 Cal.Rptr.2d 364]; *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 [265 Cal.Rptr. 788].) Although respondent and real party in interest have had no opportunity to respond to these arguments, we choose to consider them and explain why they have no merit.

proceeding because it filed an *administrative complaint* before the PUC, not an *action* before a court.

Greenlining contends that the word "action" as used in section 17204 has a limited meaning and refers only to court proceedings, exempting its administrative complaint to the PUC. Greenlining constructs this argument by noting that Code of Civil Procedure section 22 defines "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

Greenlining's reading of section 17204 in this limited way would be an absurd construction: the initial provision of the statute would state circularly and redundantly that a court proceeding must be filed in a court of competent jurisdiction. ■ We will not give a statute an absurd interpretation. (*Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 [149 Cal.Rptr. 239, 583 P.2d 1281].) ■ More reasonably read, section 17204 authorizes an assortment of persons to bring enforcement actions but prohibits enforcement of section 17200 in noncourt proceedings and in courts that lack competent jurisdiction.

■ Moreover, it is a well-settled rule of statutory interpretation that courts must consider the statutory language in the context of the entire statute and the statutory scheme of which it is a part. (*Phelps v. Stostad* (1997) 16 Cal.4th 23, 32 [65 Cal.Rptr.2d 360, 939 P.2d 760].) " ' "[T]he various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]" ' " (*Ibid.*) Nearly all relevant provisions of the Unfair Practices Act refer or pertain to an "action" or a "civil action" (see §§ 17206, 17207, 17208) or to "the court," a "court of competent jurisdiction" or remedies that "the court" may order (see §§ 17203, 17206, 17207, 17209).[6] ■ It is manifest in the statutory scheme that the Legislature intended that section 17200 enforcement proceedings be brought in court. Neither section 17204 nor any other UCL provision contemplates enforcement proceedings other than court actions. Moreover, the Legislature could

---

[6]This further highlights the weakness of Greenlining's argument that section 17204 is "irrelevant" because it applies only to court "actions." Taking the argument a step further, if the sections that pertain to "actions" and court enforcement are also "irrelevant," the only relevant provisions would be section 17200 itself, which defines "unfair competition," and section 17205, which provides that remedies are cumulative.

have provided for PUC enforcement proceedings had it intended that they be permitted.[7]

Greenlining's construction of section 17204 is simply wrong. It is not necessary, therefore, to consider its contention that section 17204 leaves open the question whether administrative complaints may be brought to enforce the Unfair Practices Act because the section does not expressly provide that an "action" is the only type of permissible proceeding. Nevertheless, a brief examination of this argument reveals its deficiencies.

To resolve the claimed ambiguity as to whether section 17204 permits, or does not preclude, other types of enforcement proceedings, Greenlining resorts to Public Utilities Code section 1702 "for guidance" because it is the "only statute that addresses the types of claims that the Commission may hear in a complaint proceeding" under Public Utilities Code section 1702. That section confers to the PUC jurisdiction over complaints that are " 'germane to the subject of the regulation and control of public utilities.' " (*Motor Transit Co. v. Railroad Commission* (1922) 189 Cal. 573, 580 [209 P. 586]; see *ante*, at p. 1328 for text of Pub. Util. Code, § 1702.) Greenlining asserts again that this section's broad grant of authority to the PUC resolves the question.[8]

The argument is circular and once again ignores the rules of statutory interpretation. ▮ "To the extent a specific statute is inconsistent with a general statute potentially covering the same subject matter, the specific statute must be read as an exception to the more general statute." (*Salazar v. Eastin* (1995) 9 Cal.4th 836, 857 [39 Cal.Rptr.2d 21, 890 P.2d 43].) In that case, we give effect to the specific statute over the general statute. (*Lazar v. Hertz Corp., supra,* 69 Cal.App.4th at p. 1504; see also Code Civ. Proc., § 1859.) ▮ The legislative determination regarding the forum for actions arising under the Unfair Practices Act is more specific than, and thus operates as an exception to, the general authority of the PUC to hear and adjudicate complaints. (Compare § 17204 with Pub. Util. Code, § 1702.) Greenlining cites no case interpreting Public Utilities Code section 1702 to confer jurisdiction over UCL claims to the PUC, and we have found none.

---

[7]For example, section 17026.1, subdivision (d) of the Unfair Practices Act, section 17000 et seq., provides: "The Public Utilities Commission may adopt rules and regulations to fully implement and enforce the provisions of this section."

[8]Greenlining also relies on section 17205, which provides that "the remedies and penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state." Without explanation, Greenlining concludes, "[t]hus, it is nonsensical to argue that the judicial remedies provided in Bus. & Prof. Code, § 17204 impliedly exclude administrative remedies under other provisions of state law." Greenlining's point is unclear. There is no dispute that judicial remedies under section 17200 are not intended to displace any other remedies that might exist under other laws. (*Farmers Ins. Exchange v. Superior Court* (1992) 2 Cal.4th 377, 395 [6 Cal.Rptr.2d 487, 826 P.2d 730].)

Greenlining's other arguments are similarly unavailing. Greenlining contends that both this court and the PUC itself have concluded that the PUC has jurisdiction over UCL claims, citing *Wise v. Pacific Gas & Electric Co.* (1999) 77 Cal.App.4th 287 [91 Cal.Rptr.2d 479] (*Wise*) and several PUC decisions. However, *Wise* does not hold or even consider whether the PUC has jurisdiction over UCL claims. In *Wise*, the court reversed the trial court's ruling that plaintiffs' claims under the Public Utilities Code and the UCL were barred by Public Utilities Code section 1759, and concluded that application of the primary jurisdiction doctrine was appropriate. (*Wise, supra,* 77 Cal.App.4th at p. 300, citing *Farmers Ins. Exchange v. Superior Court, supra,* 2 Cal.4th 377, 401-402.) Greenlining quotes misleadingly from the opinion to suggest that the *Wise* court's application of the primary jurisdiction doctrine necessarily required a finding that the PUC had jurisdiction to adjudicate all of plaintiffs' claims. Not so. The primary jurisdiction doctrine " ' "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." ' . . ." (*Wise,* at pp. 295-296, citations & italics omitted.) Nothing in *Wise* even intimates that adjudication of UCL claims falls within the PUC's "special competence."

Greenlining contends the PUC has exercised jurisdiction to adjudicate UCL claims. This is similarly inaccurate, as well as irrelevant. Even if the PUC had adjudicated UCL claims, the PUC cannot create jurisdiction where it does not otherwise exist. But to address the argument, Greenlining cites five PUC decisions and investigations that include allegations of violation of UCL provisions.[9] All of these cases involve the PUC's revocation or suspension of a transportation carrier's operating permit. Four contain only bare allegations that the respondent's conduct violated the UCL in addition to various provisions of the Public Utilities Code and PUC rules and orders. In the fifth, *Re Kirk Albert Pontius dba North Bay Limousine,* the PUC included in its "Findings of Fact" that the respondent violated the UCL, but ordered no relief thereunder. (66 Cal.P.U.C.2d at pp. 119-120.) Notwithstanding this one "finding," it appears that in these cases the PUC considered UCL provisions in determining whether a transportation carrier was fit to operate, as an adjunct to the revocation or suspension proceeding. It did not purport

---

[9] *Order Instituting Investigation of Right on Time Moving* (Cal.P.U.C. June 24, 1999), No. I 99-06-038 (2000 Cal. PUC LEXIS 405); *Order Instituting Investigation of Load Lock N Roll* (Cal.P.U.C. Mar. 3, 12, 1998) No. I. 98-03-012 (1998 Cal. PUC LEXIS 164); *Order Instituting Investigation of Airtrans Express* (Cal.P.U.C. Oct. 25, 1996) No. I 96-10-034 (1998 Cal. PUC LEXIS 347); *Re Rodney Lawley dba Mr. Trucker* (1996) 66 Cal.P.U.C.2d. 565; *Re Kirk Albert Pontius dba North Bay Limousine* (1996) 66 Cal.P.U.C.2d 118.

to adjudicate UCL claims. (See *Northern California Power Agency v. Public Util. Com.* (1971) 5 Cal.3d 370, 378-381 [96 Cal.Rptr. 18, 486 P.2d 1218] (*NCPA*) [federal courts' exclusive jurisdiction over federal antitrust laws not a bar to PUC's consideration of antitrust issues in determining whether proposed utility contracts were in the public interest].)[10]

B. *Section 17500*

The parties make the same arguments regarding whether the PUC has jurisdiction to adjudicate complaints under the False Advertising Act, section 17500 et seq. Greenlining makes no attempt to differentiate or distinguish section 17500 et seq. from section 17200 et seq. Section 17535 provides that a "court of competent jurisdiction" may enjoin violations of the chapter and for broad standing to bring "[a]ctions for injunction." Section 17536 provides that the Attorney General may bring a "civil action" in "any court of competent jurisdiction" to recover civil penalties. Greenlining contends that Public Utilities Code section 1702 provides the PUC with jurisdiction because nothing in sections 17535 or 17536 addresses whether the PUC has jurisdiction over an administrative complaint alleging a violation of section 17500.

This argument fails for the same reasons the argument with respect to section 17204 fails. (See *ante,* pp. 1330-1332.) Although section 17535 does not contain the same mandatory language as section 17204, that actions "shall be prosecuted exclusively in a court of competent jurisdiction," the enforcement provisions of the False Advertising Act are similar to those of the Unfair Practices Act in that they refer or pertain to "actions," "civil actions," "the court" and "court of competent jurisdiction." (See §§ 17535, 17535.5, 17536, 17536.5; see also § 17534 ["Any person, firm . . . or agent thereof who violates this chapter is guilty of a misdemeanor."].) Considered in the context of the other provisions of the False Advertising Act, as well as the broader context of the UCL, there is no reason to conclude that section 17535 contemplates enforcement proceedings other than in the courts. This conclusion is bolstered by the fact that a violation of the False Advertising Act per se constitutes a violation of the Unfair Practices Act. (See § 17200.)

Greenlining also repeats its argument that PUC enforcement must be permitted because remedies under the False Advertising Act are cumulative

[10]The PUC may, and indeed sometimes must, consider areas of law outside of its jurisdiction in fulfilling its duties. The *NCPA* court explained, "by considering antitrust issues, the Commission merely carries out its legislative mandate to determine whether the public convenience and necessity require a proposed development." (*NCPA, supra,* 5 Cal.3d at p. 378.) Accordingly, the PUC "believes that it may consider UCL provisions in determining whether a public utility has violated a Public Utilities Code section, such as section 451."

and in addition to remedies under other provisions of law. (§ 17534.5.) This argument fares no better here than it did with respect to sections 17204 and 17205. (See *ante,* p. 1331, fn. 8.)

### C. *Conclusion*

Reading sections 17204 and 17535 in the context of the statutory scheme of which they are a part, it is clear that the Legislature envisioned enforcement of UCL claims solely in the courts. The text of section 17204 of the Unfair Practices Act closes off the possibility of concurrent jurisdiction in the courts and the PUC. Nothing in the False Advertising Act, section 17500 et seq., supports reaching a different result.

### III. *Disposition*

The petition for writ of review is denied.[11]

McGuiness, P. J., and Corrigan, J., concurred.

Petitioners' petition for review by the Supreme Court was denied February 19, 2003.

---

[11]We caution the parties that because we issued no order to show cause or writ of review, this opinion is final as to this court on the date it is filed. (Cal. Rules of Court, rule 24(a).)