Filed 3/23/23; Certified for Publication 4/5/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SURJIT P. SONI, | B316270 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC063728) |
| v. | |
| CARTOGRAPH, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ralph C. Hofer, Judge. Affirmed.

The Soni Law Firm and Leo E. Lundbert, Jr., for Plaintiff and Appellant.

Complex Appellate Litigation Group, Rex S. Heinke and Jessica M. Weisel for Defendants and Respondents.

————————————————

Plaintiff and appellant Surjit P. Soni, doing business as The Soni Law Firm (collectively Soni), appeals from a judgment awarding attorney fees under the Mandatory Fee Arbitration Act (MFAA) (Bus. & Prof. Code, § 6200 et seq.)[1] in favor of defendants and respondents Timothy Tierney and Cartograph, Inc., formerly known as Simplelayers, Inc. (collectively Tierney). On appeal, Soni contends:  he was the prevailing party for the purposes of an attorney fees award under sections 6203 and 6204; he was also the prevailing party under the parties' contractual attorney fees provisions; he was entitled to an award of attorney fees, because he was not a self-represented litigant; and even if Tierney were entitled to fees, the amount was excessive.  We conclude the provisions of sections 6203 and 6204 govern the award of attorney fees.  Tierney was the prevailing party for purposes of an award of attorney fees under either statute, and no abuse of discretion has been shown as to the amount of attorney fees awarded.  Therefore, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### Arbitration, Trial, and Prior Appeal

This portion of the facts is derived from our published opinion in the parties' prior appeal in this case, *Soni v. SimpleLayers, Inc.* (2019) 42 Cal.App.5th 1071, 1078–1094.  Soni operates his legal practice as a sole proprietorship and hires attorneys to work for him.  Tierney engaged Soni, through

---

[1] All further statutory references are to the Business and Professions Code, unless otherwise stated.

attorney Ron Perez, to work on certain publicity and patent claims. Tierney and Soni executed an attorney-client agreement. Perez stopped working with Soni, but correspondence was received from the United States Patent and Trademark Offices that required responses from Tierney in August and September 2013. Soni offered three options: continue using Soni's legal services; terminate the relationship with Soni and engage Perez directly; or find a different law firm for his legal work. Tierney said he would advise Soni of his decision, and instructed Soni to do no further work until hearing from him. Soni asked attorney Michael Long to review Tierney's files and complete the work indicated. At the end of July 2013, Tierney told Soni that he planned to continue working with Perez, and he agreed to pay the outstanding balance owed on his account. In October 2013, Soni notified Tierney that the outstanding balance on his account was $7,211. Tierney paid $3,531, but disputed that he authorized the services performed by Long.

Tierney submitted a petition for fee arbitration to Los Angeles County Bar Association (LACBA) under the MFAA. Tierney challenged charges of $3,720 that he had not authorized. The arbitrator concluded Tierney was not liable for the fees charged for work performed by Long. During the arbitration, Tierney agreed not to dispute $380 associated with transferring his file to Perez, and the parties stipulated that Tierney had a credit balance of $140 as to the undisputed fees. The arbitrator allocated the initial arbitration fee of $242.50 to Soni and an amended arbitration fee of $26 to Tierney. Based solely on the charge of $380 that Tierney had not disputed, the allocation of arbitration filing fees, and the credit for Tierney's overpayment of

undisputed fees, the arbitrator awarded a net amount of $2.50 to Soni.

On March 18, 2015, 33 days after service of the arbitration award, attorneys associated with Soni, including Long, filed a complaint on Soni's behalf against Tierney for breach of contract, quantum meruit, money had and received, book account, fraudulent and negligent misrepresentation, fraudulent inducement to enter into a contract, and breach of guaranty. Soni sought $3,580 in fees and $23,898 for collection expenses.

Tierney filed a petition in the pending action to confirm the arbitration award, which the trial court denied. After a bench trial, the trial court found Tierney was responsible for the charges associated with Long's work, because professional and fiduciary duties compelled Soni to review Tierney's file under the circumstances of the case. In addition, the court found the attorneys representing Soni in the fee collection matter were independent contractors, so Soni was entitled to an award of attorney fees. Judgment was entered in the amount of $2,890 in favor of Soni, plus prejudgment interest, attorney fees, and costs to be determined. Soni requested attorney fees of $281,191.65, which the trial court reduced to $79,898 due to the nature of the dispute. Tierney appealed the judgment and the postjudgment order awarding attorney fees.

In a published opinion, this appellate court concluded the arbitration award was binding, because Soni failed to file an action within 30 days after service of the award, and therefore, the petition to confirm the award should have been granted. (*Soni v. SimpleLayers, Inc.*, *supra*, 42 Cal.App.5th at p. 1077.) We reversed the judgment and the order denying the petition to confirm the arbitration award, with directions to the trial court to

4

confirm the arbitration award. Tierney was awarded costs on appeal.

**Proceedings After Remand**

On July 16, 2020, after remand, the trial court granted the petition to confirm the arbitration award. On August 24, 2020, Soni filed a motion in the trial court seeking attorney fees of $543,365 based on approximately 1,400 hours of work. Soni argued that he was the prevailing party under the attorney fees provision of the parties' contract based on his net monetary recovery under the arbitration award, as confirmed by the trial court.

Tierney filed a motion for attorney fees seeking $339,603 for 731.8 hours of work as the prevailing party under the parties' contract and under section 6203, subdivision (c).

A hearing was held on the attorney fees motions on July 2, 2021. The trial court concluded that the specific statutory provisions of section 6203, subdivision (c), and section 6204, subdivision (d), governed the award of attorney fees, rather than the general contractual attorney fees provisions of Code of Civil Procedure section 1032 and Civil Code section 1717. The court found Tierney was the prevailing party under Business and Professions Code sections 6203 and 6204, because Soni could not establish that he obtained a judgment after trial more favorable than the arbitration award. The trial court concluded charges of $11,436.50 by one of Tierney's attorney were likely duplicative, so reduced the amount of fees accordingly. The court awarded attorney fees of $328,166.50 to Tierney. The court denied Soni's motion.

5

On August 16, 2021, the court entered a judgment confirming the February 11, 2015 arbitration award and awarding Tierney $334,458.41 in attorney fees and costs. Soni filed a timely notice of appeal.[2]

## DISCUSSION

### Standard of Review

" 'Generally, the trial court's determination of the prevailing party for purposes of awarding attorney fees is an exercise of discretion, which should not be disturbed on appeal absent a clear showing of abuse of discretion. [Citation.] But the determination of the legal basis for an attorney fee award is subject to independent review. [Citation.] In such a case, the issue involves the application of the law to undisputed facts. [Citation.]" [Citation.] Further, where an issue of entitlement to attorney fees and costs depends on the interpretation of a statute, our review is de novo." (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1258.)

" 'A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent, we look no further and

---

[2] We deny the motion for judicial notice that Soni filed with this court on June 27, 2022, because the documents submitted are not relevant to the issues on appeal.

simply enforce the statute according to its terms.  [Citations.]  [¶] Additionally, however, we must consider the [statutory language] in the context of the entire statute [citation] and the statutory scheme of which it is a part.  "We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.'  [Citations.]"  [Citations.]  " 'If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.'  [Citation.] . . . .  'When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.'  [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." ' " (*Phelps v. Stostad* (1997) 16 Cal.4th 23, 32 (*Phelps*).)

## Attorney Fees Provisions of the MFAA

Under certain circumstances, the MFAA provides for an award of attorney fees to a prevailing party.  Soni contends he was the prevailing party for the purposes of an award of attorney fees under section 6203, subdivision (c), and section 6204, subdivision (d).  We conclude that the trial court properly found Tierney was the prevailing party under both section 6203 and section 6204 of the MFAA.

## A. Attorney Fees After Confirmation of Arbitration Award

Section 6203, subdivision (c), provides the trial court discretion to award attorney fees and costs to a party who obtains a judgment confirming, correcting, or vacating an arbitration award as follows: "Neither party to the arbitration may recover costs or attorney's fees incurred in preparation for or in the course of the fee arbitration proceeding with the exception of the filing fee paid pursuant to subdivision (a) of this section. However, a court confirming, correcting, or vacating an award under this section may award to the prevailing party reasonable fees and costs incurred in obtaining confirmation, correction, or vacation of the award including, if applicable, fees and costs on appeal. The party obtaining judgment confirming, correcting, or vacating the award shall be the prevailing party except that, without regard to consideration of who the prevailing party may be, if a party did not appear at the arbitration hearing in the manner provided by the rules adopted by the board of trustees, that party shall not be entitled to attorney's fees or costs upon confirmation, correction, or vacation of the award."

The plain language of the statute states that the prevailing party for purposes of an award of attorney fees under section 6203, subdivision (c), is the party obtaining a judgment confirming, correcting, or vacating the arbitration award. Tierney obtain a judgment confirming the arbitration award. The trial court properly exercised its discretion to find Tierney was the prevailing party under section 6203, subdivision (c), for purposes of an attorney fees award.

8

Soni contends that the trial court should have found he was the prevailing party under section 6203, subdivision (c), because the trial court initially vacated the arbitration award, which was reversed on appeal solely on procedural grounds.  This is incorrect.  Soni did not file a petition to vacate the arbitration award and there was no order vacating the arbitration award; rather, Soni purported to initiate a trial after arbitration pursuant to section 6204, subdivisions (a) and (c).  Moreover, the judgment from the trial has no effect on the issue of attorney fees, because the judgment was reversed on appeal.  There is only one final judgment in an action.  (*Nicholson v. Henderson* (1944) 25 Cal.2d 375, 378.)  Until a judgment becomes final because it is affirmed on appeal or the time to take an appeal has lapsed, the judgment is not admissible in evidence and cannot be relied upon to enforce the rights declared in the judgment.  (*Thomas v. Lavery* (1932) 125 Cal.App. 666, 668.)  The "reversal of the judgment places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable." (*Id.* at p. 669.)  There was no order vacating the arbitration award, and the final judgment in this case confirmed the arbitration award.  Therefore, Tierney was the prevailing party for purposes of section 6203, subdivision (c).

## B.  Effect of Seeking Trial After Arbitration

Soni contends the trial court should have found he was the prevailing party for the purposes of an attorney fees award under section 6204, subdivision (d).  This is incorrect as well.

When parties to arbitration under the MFAA have not agreed in writing to binding arbitration, either party may seek a trial within 30 days after service of notice of the award. (§ 6204, subd. (a).) If a party seeks a trial after arbitration, section 6204, subdivision (d), allows the trial court to award attorney fees as follows: "The party seeking a trial after arbitration shall be the prevailing party if that party obtains a judgment more favorable than that provided by the arbitration award, and in all other cases the other party shall be the prevailing party. The prevailing party may, in the discretion of the court, be entitled to an allowance for reasonable attorney's fees and costs incurred in the trial after arbitration, which allowance shall be fixed by the court. In fixing the attorney's fees, the court shall consider the award and determinations of the arbitrators, in addition to any other relevant evidence."

The plain language of the statute again governs the outcome. Soni was the party who sought a trial after arbitration. The final judgment confirmed the arbitration award; it was not more favorable than the arbitration award. Because the party who sought a trial after arbitration did not obtain a more favorable judgment than had been provided by the arbitration award, the other party, Tierney, was the prevailing party for the purposes of an attorney fees award under section 6204, subdivision (d).

## C. Effect of Contractual Attorney Fees Provision

Soni contends that he is entitled to recover his attorney fees as the prevailing party under Civil Code section 1717, based on the attorney fees provision of the parties' contract and his

10

recovery of $2.50.  We conclude that the attorney fees provided for by the MFAA control over the parties' contract provision.

Code of Civil Procedure section 1021 allows parties to enter into agreements for the payment of attorney fees, except when attorney fees are specifically provided for by statute.  Code of Civil Procedure section 1021 states:  "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."

Code of Civil Procedure section 1032, subdivision (b), which governs the allocation of costs, also does not apply when another statute expressly provides for costs.  Code of Civil Procedure section 1032, subdivision (b), states:  "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."  The items recoverable as costs include attorney fees authorized by contract, statute, or law.  (Code Civ. Proc., § 1033.5, subd. (a)(10).)

When attorney fees are specifically provided for by statute, "the question is whether the statutory attorney fees provision expressly, or the policy of the statute implicitly, overrides the freedom to contract for a different outcome."  (*County of Sacramento v. Sandison* (2009) 174 Cal.App.4th 646, 651.)  "The MFAA was enacted to eliminate a disparity in bargaining power between attorneys and clients attempting to resolve disputes about attorney fees.  [Citation.]  The Legislature recognized that many clients were infrequent consumers of legal services and would need to hire separate lawyers to litigate fee agreement

11

disputes. [Citation.] Proponents of the legislation at the time observed that the cost of a second lawyer was prohibitive because it would often equal or exceed the value of the fees in dispute." (*Dorit v. Noe* (2020) 49 Cal.App.5th 458, 467.)

We conclude that the policies underlying the attorney fees provisions of section 6203, subdivision (c) and section 6204, subdivision (d), preclude the application of contractual attorney fee provisions. The purpose of the attorney fees provisions of the MFAA is to promote the finality of arbitration awards and discourage frivolous additional litigation by either party. Section 6203, subdivision (c), expressly prohibits parties to an MFAA arbitration from recovering any attorney fees or costs for the arbitration. (See *Dorit v. Noe, supra,* 49 Cal.App.5th at p. 467 [arbitrators cannot award attorney fees or costs for MFAA arbitration, regardless of provisions of parties' contract].) Section 6203, subdivision (c), allows the trial court to award attorney fees incurred in connection with a successful petition to confirm, correct, or vacate an MFAA arbitration award. The statute encourages parties to avoid further litigation by allowing recovery of attorney fees only for meritorious petitions to confirm, correct, or vacate an MFAA arbitration award. The policy would be undermined if contractual attorney fee provisions governed in such proceedings, allowing attorney fees to be awarded in connection with unmeritorious petitions.

The policy underlying section 6204, subdivision (d), similarly precludes an award of contractual attorney fees. Arbitration under the MFAA is nonbinding. Dissatisfied parties are guaranteed their day in court by electing a trial de novo. To discourage parties from seeking trials de novo, however, section 6204, subdivision (d), allows the trial court discretion to award

attorney fees to the party seeking a trial after arbitration only if that party obtains a judgment more favorable than the recovery provided by the arbitration award. If the party seeking a trial after arbitration does not obtain a more favorable award, the other party is the prevailing party for the purposes of an attorney fee award. The policy underlying section 6204, subdivision (d), would be thwarted if the parties' contractual attorney fees provision prevailed.

In the analogous context of judicial arbitration, courts have considered language in Code of Civil Procedure section 1141.21 that is similar to Business and Professions Code section 6204, subdivision (d), and concluded that the Legislature's intent was to discourage trial de novo. " 'Unlike commercial or true arbitration, judicial arbitration is not binding, since any party dissatisfied with an award may elect trial de novo. [Fn. omitted.] (Code Civ. Proc., § 1141.20.) The Legislature, however, seeking to encourage finality of judicial arbitration awards, enacted disincentives to trial de novo." (*Bhullar v. Tayyab* (1996) 46 Cal.App.4th 582, 589.) "To encourage parties to accept reasonable arbitration awards, the Legislature enacted Code of Civil Procedure section 1141.21, which provides that if a party elects a trial de novo following judicial arbitration, and fails to obtain a judgment that is more favorable than the arbitration award, that party shall pay the costs incurred by the opposing party following the election of the trial de novo and shall not recover his or her own costs incurred following the election of the trial de novo. Section 1141.21[, subd.] (a)(ii) creates an exception to the usual rule that the prevailing party in an action 'is entitled . . . to recover costs.' (Code Civ. Proc., § 1032, subd. (b).)" (*Phelps*, *supra*, 16 Cal.4th at p. 29, fn. omitted.)

13

"The purpose of Code of Civil Procedure section 1141.21 is to discourage trials de novo.  [Citation.]  ' "While there is no specific legislative language to that effect, it is apparent that the [L]egislature desired alternative, not cumulative, dispute resolution . . . and that the disincentive of . . . Civ. Proc. Code § 1141.21 . . . reflect[s] that underlying purpose." ' " (*Phelps*, *supra*, 16 Cal.4th at p. 29.)  " 'Discouraging trial de novo is essential to the proper functioning of the judicial arbitration system.  Along with its goal of resolving small claims efficiently and affordably, judicial arbitration is intended to ease court case loads.  [Citation.]  The success of judicial arbitration in achieving these goals is dependent on a small incidence of trial de novo election.' " (*Bhullar v. Tayyab*, *supra*, 46 Cal.App.4th at p. 589.)

We conclude that the statutory attorney fees provisions of sections 6203 and 6204 govern, rather than the attorney fees provision of the parties' contract.  The trial court properly awarded attorney fees to Tierney as the prevailing party under sections 6203 and 6204.

## Amount of Fees

Soni contends that the trial court abused its discretion by awarding fees based on hourly rates in excess of rates that the court had previously found reasonable for a simple collection matter.  We find no abuse of discretion.

We review the amount of attorney fees awarded for an abuse of discretion.  (*Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 743.)  "An experienced trial judge is in the best position to evaluate the value of professional services rendered in the trial court.  We presume the fee approved by the

14

trial court is reasonable.  We will not disturb the trial court's judgment unless it is clearly wrong.  The burden is on the objector to show error." (*Id.* at p. 743.)

The issues presented after the trial de novo in this case were not simple fee collections issues.  The issues required the services of specialized appellate attorneys and resulted in a published opinion on novel issues.  Tierney's attorneys worked half as many hours as Soni's attorneys on the matters at issue, and Tierney's attorneys billed substantially lower total fees than the charges that Soni incurred and sought to recover in his competing motion for attorney fees.  The trial court examined the bills carefully and reduced the amount awarded to Tierney for duplicative work by one attorney.  No abuse of discretion has been shown as to the amount of fees awarded.

## DISPOSITION

The judgment is affirmed.  Respondents Timothy Tierney and Cartograph, Inc., formerly known as Simplelayers, Inc., are awarded their costs on appeal.

MOOR, J.

We concur:

BAKER, Acting P. J.          KIM, J.

15

Filed 4/5/23

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| SURJIT P. SONI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CARTOGRAPH, INC., et al.,<br><br>    Defendants and Respondents. | B316270<br>(Los Angeles County<br>Super. Ct. No. EC063728)<br><br>CERTIFICATION AND<br>ORDER FOR PUBLICATION |


The opinion in the above-entitled matter filed March 23, 2023, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.



MOOR, J.          BAKER, Acting P. J.         KIM, J.