[No. G026327. Fourth Dist., Div. Three. Jan. 10, 2002.]

KAREN ELAINE SCHUBERT et al., Plaintiffs and Respondents, v. CYNTHIA JANE REYNOLDS, Individually and as Trustee, etc., Defendant and Appellant.

**COUNSEL**

Law Offices of Mitchell Samuelson and Mitchell Samuelson for Defendant and Appellant.

Daniel V. Du Ross for Plaintiffs and Respondents.

**OPINION**

**MOORE, J.**—Cynthia Jane Reynolds (defendant), individually and as trustee of the William Walker Reynolds, Jr., Living Trust, appeals from a judgment holding invalid the trust instrument she created pursuant to a power of attorney. She contends the court erroneously interpreted Probate Code section 4264, exceeded its authority in reconsidering an order denying a motion for summary judgment, and abused its discretion in sua sponte amending the complaint to state causes of action against her. We disagree with both her characterization of events and her legal conclusions, and affirm.

I

FACTS

William Walker Reynolds, Jr. (decedent) died in 1997, leaving four children to squabble over the division of his property and the distribution of his estate. About two months before he died, he executed a general power of attorney, designating defendant as his attorney-in-fact. The day before he died, defendant, in her capacity as attorney-in-fact, created an inter vivos trust in decedent's name and executed it as both trustor and trustee. The trust provided decedent's residence was to be held in trust for defendant for life, remainder to decedent's grandchildren, effectively bypassing decedent's other three children. The trust also provided that the rest of decedent's property was to be divided in equal shares among his four children. The bone of contention is that decedent's residence was allegedly the sole asset of the trust.

Defendant's sister, Karen Elaine Schubert, filed a complaint for declaratory relief and constructive trust. She contended the trust was void to the extent it purported to provide a life estate in the property to defendant with the remainder to decedent's grandchildren. More specifically, she alleged that decedent had prepared a will, in 1988, providing for the equal division of his property among his four children on his death and that a petition for

probate of that will had been filed. She also stated that in the absence of the will the property would pass in equal shares to the four children under the laws of intestate succession. She concluded that Probate Code section 4264, subdivision (f) barred defendant from changing the beneficiary designation as set forth in the will or as provided by the laws of intestate succession, because the power of attorney did not expressly authorize her to do so.

Schubert also filed a motion for summary judgment, which was denied. Via a first amended complaint, Schubert's two brothers later joined her in the suit against defendant. (Schubert and her brothers are collectively referred to hereinafter as plaintiffs.)[1] Defendant brought a motion for judgment on the pleadings, which was denied by a different judge than the one who had denied the motion for summary judgment. Following trial before the second judge, a judgment was entered decreeing the trust invalid. Defendant appeals.

## II

### DISCUSSION

On appeal, defendant argues the court (1) misapplied Probate Code section 4264; (2) erred in reconsidering the order denying the motion for summary judgment; and (3) abused its discretion by amending the complaint on its own motion and refusing to grant defendant a continuance. None of these arguments are convincing.

### A. *Probate Code Section 4264*

Probate Code section 4264 provides in pertinent part as follows: "A power of attorney may not be construed to grant authority to an attorney-in-fact to perform any of the following acts unless *expressly authorized in the power of attorney*: [¶] (a) Create, modify, or revoke a trust. [¶] . . . [¶] (c) Make or revoke a gift of the principal's property in trust or otherwise. [¶] . . . [¶] (f) Designate or change the designation of beneficiaries to receive any property . . . on the principal's death. . . ."

Defendant contends Probate Code section 4264, subdivision (a) resolves this case quite simply, because it permits an attorney-in-fact to create a trust

---

[1]Attorney Du Ross has been inconsistent in indicating to this court whether he represents only Schubert, or her brothers as well, on appeal. Because the supplemental letter briefs he filed tend to indicate that he represents all of plaintiffs, as he did below, and this court's ruling will affect all of them, we assume each brief or letter brief Attorney Du Ross filed in this appeal was intended to be filed on behalf of each of plaintiffs.

when the power of attorney expressly authorizes the creation, and the power of attorney in question contained such an express authorization. She explains that a trust must necessarily have beneficiaries (Prob. Code, § 15205, subd. (a)), so the power to create a trust must include the power to designate beneficiaries. It is just that when defendant named the beneficiaries, she named herself, and in a most substantial way.

Defendant would have this court ignore Probate Code section 4264, subdivision (f), prohibiting an attorney-in-fact from changing a beneficiary designation unless expressly authorized under the power of attorney. The power of attorney here contained no express authorization to change the beneficiaries under either the 1988 will or the laws of intestate succession.

While defendant makes no mention of it here, in her answer to the complaint, she alleged the decedent had destroyed the original 1988 will with the intent to revoke it. In short, she argued she could not have "changed" any beneficiary designation when she created the trust, because there then existed no beneficiary designation to change. Also, while she admitted that under the laws of intestate succession the four children would share equally in decedent's estate, she did not specifically address whether the distribution provisions under the trust would constitute a "change" of beneficiary designation within the meaning of Probate Code section 4264, subdivision (f) if the laws of intestate succession were applicable, given the purported revocation of the 1988 will.

There is no statement of decision describing the trial court's findings and neither party provides much information about the related proceedings concerning the petition for probate of the 1988 will.[2] ▆ "Where, as here, no statement of decision was requested, all intendments will favor the trial court's ruling and it will be presumed on appeal that the trial court found all facts necessary to support the judgment." (*In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 649 [253 Cal.Rptr. 770], fn. omitted.) ▆ Here, the judgment recites several grounds for holding the trust invalid. One of those grounds is that "Probate Code Section 4264[, subdivision] (f) requires express authorization in the power of attorney to designate or change the designation of beneficiary's [*sic*] to receive any property on the principal's death." We presume the court found the trust constituted an attempt to change the beneficiary designation, as established under either the 1988 will or the laws of intestate succession. (See *In re Marriage of Ditto, supra,* 206 Cal.App.3d at p. 649.) The court was correct that this would contravene Probate Code section 4264, subdivision (f).

---

[2]The parties agree Schubert was appointed administrator, but neither party mentions whether she was appointed with will annexed. (See Prob. Code, § 8440.) They also inform us the probate proceedings have been held in abeyance pending the outcome of this appeal.

No party cites a case interpreting Probate Code section 4264, subdivision (f). However, plaintiffs cite apposite rules concerning the construction of statutes. ■ " 'A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. [Citations.].' " (*Phelps v. Stostad* (1997) 16 Cal.4th 23, 32 [65 Cal.Rptr.2d 360, 939 P.2d 760].)

■ In this case, there is an apparent conflict between subdivisions (a) and (f) of Probate Code section 4264. On the one hand, subdivision (a) permits an attorney-in-fact to create a trust when expressly authorized by the power of attorney, and the creation of a trust requires the designation of beneficiaries. (Prob. Code, § 15205, subd. (a).) On the other hand, section 4264, subdivision (f) prohibits the attorney-in-fact from designating or changing the designation of beneficiaries to receive property on the principal's death, unless expressly authorized under the power of attorney. It would appear that the authority conferred under Probate Code section 4264, subdivision (a), to create a trust and, by implication, to designate beneficiaries, is taken away under subdivision (f), unless the power to designate beneficiaries is also expressly granted under the power of attorney.

But we must consider the statute as a whole and harmonize its various provisions. (*Phelps v. Stostad, supra,* 16 Cal.4th at p. 32.) Moreover, we must give significance to every part of the statute if possible to do so. (*Ibid.*) It is certainly possible in this case.

Each of the subdivisions may be given effect, and the provisions of the statute may be harmonized, as follows: An attorney-in-fact may create a trust when so authorized by the terms of the power of attorney, but the power to designate particular trust beneficiaries is limited. The principal could be named as a beneficiary, without violating the proscriptions of Probate Code section 4264, subdivision (f). Arguably, in a given case other beneficiaries could be named consistent with the principal's existing estate plan or the laws of intestate succession, provided that doing so did not effectuate a *change* in "the designation of beneficiaries to receive any property . . . on the principal's death" (Prob. Code, § 4264, subd. (f)) or violate other proscriptions of law. (Cf. Prob. Code, §§ 2580, subd. (b)(5) [conservator's petition for authority to create trust], 2583, subds. (f), (g) [in ruling on petition, court to consider conservatee's estate plan and devolution of estate on death].) Under those circumstances, the attorney-in-fact would not be the

one selecting the beneficiaries. In effect, they would be designated by either the principal, pursuant to the principal's original estate plan, or the Legislature, according to the laws of intestate succession. Construed in this manner, Probate Code section 4264 would permit an attorney-in-fact to create a trust for the benefit of the principal, or possibly for the benefit of those beneficiaries already designated in the principal's existing estate plan or determined according to the laws of intestate succession, in order to avoid probate. (Cf. Prob. Code, §§ 2580, subd. (a)(2) [conservator's proposed action to minimize expenses of administration on conservatee's death], 2583, subd. (i) [court approval of conservator's plan to minimize expenses of administration].) The provisions of subdivision (a) and subdivision (f) of Probate Code section would have meaning.

■ This interpretation of the statute is supported by yet another rule of construction. When " 'conflicting provisions of a statute cannot be harmonized, then, the provision that is positioned later in the statute normally controls the earlier provision.' [Citation.]" (*Russell v. Stanford University Hospital* (1997) 15 Cal.4th 783, 789 [64 Cal.Rptr.2d 97, 937 P.2d 640].) ■ While Probate Code section 4264, subdivisions (a) and (f) can be harmonized without the application of this rule, were it otherwise, subdivision (f) would still place a limitation on the exercise of authority under subdivision (a) because subdivision (f) is positioned later in the statute.

A review of Probate Code section 4265 discloses yet another reason to construe Probate Code section 4264, subdivision (f) in this manner. Section 4265 provides that "[a] power of attorney may not authorize an attorney-in-fact to make, publish, declare, amend, or revoke the principal's will." Thus, in the context of a will, the Legislature has established an absolute prohibition against the attorney-in-fact selecting the beneficiaries. Yet, under section 4264, it has chosen to permit an authorized attorney-in-fact to create a trust, which necessitates the designation of beneficiaries. By virtue of section 4264, subdivision (f), however, the Legislature has made certain the attorney-in-fact cannot select beneficiaries other than those designated by either the principal in his or her estate plan or the laws of intestate succession, unless the power of attorney expressly authorizes the attorney-in-fact to do so.

Applied to the case before us, when defendant executed a trust providing a life estate in decedent's residence to herself with the remainder to decedent's grandchildren, she attempted to change the beneficiary designation from that provided by either the 1988 will or the laws of intestate succession. This violated the provisions of Probate Code section 4264, subdivision (f).

The trial court held the entire trust invalid. While defendant mentioned in her opening brief that the complaint did not seek invalidation of the entire trust, she did not claim this was an improper remedy. Moreover, she made no argument that a violation of Probate Code section 4264, subdivision (f) would permit invalidation of only the portion of the trust constituting a change in beneficiary designation, leaving the remainder of the trust valid. We requested supplemental briefing as to whether the trust would be invalid in whole or only in part, if the trust were determined to violate Probate Code section 4264.

In her supplemental letter brief, defendant replied: "Probate Code Section 4264 does not in and of itself provide for a trier of fact to analyze the terms and conditions of the trust created by the donee, or to review the bequests made in the trust document. . . . It is respectfully submitted that in order to solely invalidate a specific bequest or devise and still maintain the existence of the trust itself, the court would be required to find that the gift violated some other Code provision. . . . [¶] In summary, [defendant's] response to the inquiry is that if a violation of Probate Code [section] 4264 is found, the trust must be invalidated in its entirety." Whether we agree with this analysis or not, defendant appears to contest only the holding that section 4264, subdivision (f) was violated. She does not challenge the trial court's remedy. Therefore, we need not address whether Probate Code section 4264, subdivision (f) would permit invalidation of only the portion of the trust constituting a change in beneficiary designation, with the result that the trust property that otherwise would have passed under that portion of the trust would then pass instead under the residuary trust provisions. (See Prob. Code, § 21111, subd. (a) [re effect of failure of transfer under instrument].)

B. *Reconsideration of Order Denying Motion for Summary Judgment*

Remarkably, defendant also argues that when the first judge denied Schubert's motion for summary judgment, he bound the trial court to rule in favor of defendant. Defendant's viewpoint is that the failure to enter judgment in her favor was tantamount to a reconsideration of the order denying the motion for summary judgment, in violation of Code of Civil Procedure section 1008. She argues that "[r]econsideration is governed solely and exclusively by the provisions of Code of Civil Procedure Section 1008 [and that] legislative enactment requires that all motions for reconsideration of any order be filed no later than ten days after entry [*sic*] of the order and before the same judge who had made the order." Apparently, her position is that because a decision was rendered in favor of Schubert outside of the 10-day period and by a different judge than the one who denied the summary judgment motion, the judgment contravened section 1008.

Not surprisingly, defendant cites no authority for this proposition. Very simply put, no motion for reconsideration was at issue and Code of Civil Procedure section 1008 was utterly inapplicable. Defendant's real beef is best described in her reply brief as follows: "Trial courts in the State of California . . . are unable to grant summary judgments sua sponte. [Citation.] Therefore the possibility of an unusual anomaly is present, which has occurred in the case at bar. This circumstance arises when a party files timely a motion for summary judgment alleging, as they must, that no triable issue of material fact exists. The opponent agrees that there is no issue of fact to litigate, but is unable to file a counter motion, on his/her own motion for judgment due to the time constrictions of Code of Civil Procedure [section] 437c, and therefore merely opposes the motion on legal grounds. The trial court hears the motion and determines, as both parties argue that there is no issue of fact to be tried, that the sole issue is one of law and that moving party's motion should be denied as a matter of law." (Underscoring omitted.) Defendant urges that under such circumstances, the law should require that summary judgment be granted in favor of the opposing party, who has no motion pending before the court.

Inasmuch as defendant did not raise this point in her opening brief, we need not address it. (*Locke v. Warner Bros., Inc.* (1997) 57 Cal.App.4th 354, 368 [66 Cal.Rptr.2d 921].) However, we can dispose of it quite simply. Code of Civil Procedure section 437c, subdivision (c) provides that the court shall grant a motion for summary judgment pending before it "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." It does not enable the court to enter judgment in favor of the opposing party upon the denial of the moving party's motion. Rather, in most instances, the case will ultimately proceed to trial. In addition, section 437c says nothing about the denial of a motion for summary judgment dictating the result of the trial once had. (See *AT&T Communications, Inc. v. Superior Court* (1994) 21 Cal.App.4th 1673, 1680 [26 Cal.Rptr.2d 802] [doctrine of law of the case applicable only to appellate court decisions].) Furthermore, as defendant acknowledges, case law makes clear that state trial courts do not have the power to enter summary judgment sua sponte. (*Certain Underwriters at Lloyd's of London v. Superior Court* (1997) 56 Cal.App.4th 952, 958 [65 Cal.Rptr.2d 821].) In any event, if defendant disfavors section 437c as written, she may choose to make her pitch for a change to the Legislature. We are not at liberty to rewrite the statute for her.

In concluding her argument with regard to the court's "reconsideration" of the order denying the motion for summary judgment, defendant remarks: "At the very minimum as [Schubert] had stipulated and agreed that there were no

triable issues of fact she should be estopped from raising factual disputes and issues of fact for the first time at trial." However, defendant fails to support this argument with either citations to the record or legal authority. Therefore, the argument is waived. (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865 [64 Cal.Rptr.2d 324]; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [21 Cal.Rptr.2d 834].)

### C. *Amendment of Complaint and Denial of Continuance*

Finally, defendant argues the court abused its discretion by in effect amending the pleadings on its own motion, thereby raising new factual claims and new legal theories on the day of trial. This argument stems from comments the judge made at a hearing just before the trial began, when the court denied defendant's motion for judgment on the pleadings. Defendant contends the court raised issues "concerning the existence of a will which had neither been plead nor alleged and its hypothetical revocation by execution of the trust," "claimed breaches of some undefined genre of fiduciary obligations and duties between siblings and co-beneficiaries," undue influence, conflict of interest, and the applicability of Probate Code sections 4232 (requiring an attorney-in-fact to avoid conflicts of interest) and 4265. She further maintains the court abused its discretion in denying her a continuance in order to address these newly raised factual claims and legal issues.

At the outset, we observe the record does not support some of defendant's characterizations of the facts. First, Schubert specifically referenced the 1988 will in her complaint. She also asserted that "the trust change[d] the distribution of decedent's property," because decedent's four children were entitled to share equally under either the 1988 will or the laws of intestate succession. In other words, the effect of the trust on the distributive provisions of the 1988 will was a central issue under the complaint. We are at a loss to understand how this issue could have been a surprise at trial.

Similarly, the complaint placed squarely in issue the authority of defendant, in her capacity as attorney-in-fact, to provide herself with a life estate in the residence pursuant to the trust she created. While it is true Schubert, in her complaint, cited Probate Code section 4264, subdivision (f) as key, she also cited to Probate Code sections 4232 and 4265 in her trial brief, filed five days before trial. In that brief she also raised the issue of self-dealing. In other words, it was Schubert, not the court, who first addressed the applicability of sections 4232 and 4265 and the issue of self-dealing.

In any event, the judgment was based on more than one ground. One was Probate Code section 4264, subdivision (f). Others were "Probate Code

Section 4232, self-dealing, conflict of interest and undue influence . . . ." Whether defendant should have had additional time to respond to any of these legal theories and research the facts underlying them is a matter we need not decide. We will uphold the decision of the trial court if it is correct on any ground. (*Constance B. v. State of California* (1986) 178 Cal.App.3d 200, 211 [223 Cal.Rptr. 645].) It is correct that in creating the trust containing a life estate in herself defendant violated the proscriptions of Probate Code section 4264, subdivision (f).

## III

### DISPOSITION

The judgment is affirmed. Plaintiffs shall recover their costs on appeal.

Sills, P. J., and Bedsworth, J., concurred.

Respondents' petition for review by the Supreme Court was denied April 17, 2002.