Filed 8/7/14  Baharian-Mehr v. SGRL Investments CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AKBAR BAHARIAN-MEHR, | |
| Plaintiff and Appellant, | G048796 |
| v. | (Super. Ct. Nos. 30-2009-00118060, 30-2009-00124090) |
| SGRL INVESTMENTS, INC., et al., | O P I N I O N |
| Defendants and Respondents. | |

        Appeal from an order of the Superior Court of Orange County, Franz E. Miller, Judge.  Affirmed.

        Bruce W. Wagner for Plaintiff and Appellant.

        Brown & Charbonneau and Gregory G. Brown for Defendant and Respondent SGRL Investments, Inc.

        Law Offices of David J. Harter and David J. Harter for Defendant and Respondent. E. Glenn Smith.

        Borchard & Callahan, Thomas J. Borchard and Janelle M. Dease for Defendant and Respondent Leroy M. Smith.

                        *        *        *

This is an appeal from an order awarding defendants SGRL Investments, Inc. (SGRL), Leroy Smith, E. Glenn Smith, and Theron Smith (collectively defendants) attorney fees pursuant to a contractual attorney fees provision. Plaintiff Akbar Baharian-Mehr advances a number of arguments, specifically that SGRL was not entitled to attorney fees at all, and the amounts awarded to Leroy Smith and E. Glenn Smith[1] were an abuse of the court's discretion. As we discuss below, these arguments lack merit, and we therefore affirm.

I

FACTS

This is the second appeal following the judgment in this matter. (*Baharian-Mehr v. SGRL Investments, Inc., et al.* (Mar. 10, 2014, G047929) [nonpub. opn.].) In the prior appeal, we concluded the trial court provided an adequate statement of decision and based its conclusions on substantial evidence. (*Ibid.*)

As we stated in the prior appeal and as relevant here, "In November 2001, Baharian-Mehr and Leroy Smith entered into a general partnership agreement to establish an adult entertainment business, later known as Imperial Showgirls, in Pico Rivera. E. Glenn Smith (Glenn), Leroy's brother, and Theron Smith, another relative, were subsequently brought into the business for funding purposes. Glenn's participation was the subject of an addendum to the general partnership agreement. . . ." (*Baharian-Mehr v. SGRL Investments, Inc., et al., supra*, G047929, fn. omitted.) Glenn and Theron then loaned the business money. Under the partnership agreement, once the parties secured an operating permit, a corporation was to be formed and the assets merged into the

_____

[1] Due to their common surname, we subsequently refer to these individuals by their first names. No disrespect is intended. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475-476, fn. 1.) Theron is not a party to this appeal and is therefore mentioned only as relevant.

2

corporation. Thus, in December 2001, SGRL was incorporated. The shares of stock were subsequently distributed according to each party's ownership interest. (*Ibid.*)

In July 2002, "the board 'discussed . . . the acceptance of the terms of [the partnership agreement] as to operation of the adult entertainment business known as Showgirls . . . and placement of said business into the corporation. [¶] Upon motion duly made, seconded, and carried, the following resolution was adopted. [¶] RESOLVED, that [the partnership agreement and its addendum] are hereby accepted by the Corporation.'" (*Baharian-Mehr v. SGRL Investments, Inc., et al., supra*, G047929.)

The disputes that led to this lawsuit began arising in 2007, and in 2009 "Baharian-Mehr filed his complaint against SGRL, Leroy, Glenn and Theron. His claims included causes of action for accounting, preliminary and permanent injunctions, breach of fiduciary duty, constructive fraud, constructive trust, breach of contract, assault, battery, and declaratory relief. Substantively, Baharian-Mehr's claims were based on a number of issues, including the characterization of the initial funding as loans as opposed to capital contributions, the purported obligation to obtain Baharian-Mehr's consent to every expenditure and business decision, the resulting mismanagement and unapproved expenditures, the board's failure to declare dividends, and the alleged assault and battery by Leroy. He pled his claims directly against the corporation, and not as derivative claims." (*Baharian-Mehr v. SGRL Investments, Inc., et al., supra*, G047929.)

Defendants prevailed at trial, and began the process of seeking attorney fees. The court issued an amended statement of decision in January 2013. (*Baharian-Mehr v. SGRL Investments, Inc., et al., supra*, G047929.) While the appeal was pending, the court issued orders awarding SGRL $163,146.50 of the $300,954 requested; Leroy was awarded $85,377.75 of the $88,674.75 requested; and Glenn was awarded $130,677.25 of the $167,534.25 sought. Baharian-Mehr now appeals.

II

DISCUSSION

## A. *Basic Principles of Contractual Attorney Fee Awards*

Except where a contract or statute states otherwise, each party to a lawsuit must pay its own attorney fees. (Code Civ. Proc., § 1021.) Civil Code section 1717, subdivision (a), states that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs."

"If a cause of action is 'on a contract,' and the contract provides that the prevailing party shall recover attorney' fees incurred to enforce the contract, then attorney' fees must be awarded on the contract claim in accordance with Civil Code section 1717." (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 706 (*Exxess*).) The phrase "on a contract" contained within section 1717 requires consideration of the basis of the cause of action, not the remedy sought. (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 347 [finding declaratory relief and injunctive relief causes of action to be "on the contract"].)

Civil Code section 1717 does not apply to tort claims. (*Exxess*, *supra*, 64 Cal.App.4th at p. 708.) "As to tort claims, the question of whether to award attorneys' fees turns on the language of the contractual attorneys' fee provision, i.e., whether the party seeking fees has 'prevailed' within the meaning of the provision and whether the type of claim is within the scope of the provision. [Citation.]" (*Ibid.*)

## B. *Legal Basis for Award to SGRL*

Baharian-Mehr first argues SGRL is not entitled to any attorney fees because it was not a party to the partnership agreement that included the attorney fee clause. The legal basis of an attorney fee award is a question of law, subject to de novo

4

review. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.)

The attorney fee provision in the original partnership agreement, to which Baharian-Mehr and Leroy were parties, stated: "ATTORNEY'S FEES: If an action at law or in equity, including an action for declaratory or injunctive relief, is brought to enforce or interpret the provisions of this Agreement, the prevailing 'PARTY' shall be entitled to reasonable attorney's fees and costs." "PARTY" was defined earlier in the document as Baharian-Mehr and Leroy. The addendum, signed by those two plus Glenn, stated: "All other terms and provisions of the General Partnership Contract of November 1, 2001 shall remain intact and be binding on all three business partners . . . ." At the July 2002 meeting of SGRL, a resolution was passed stating that the partnership agreement and the addendum "are hereby accepted by the Corporation."

Civil Code section 1717 permits a party's recovery of attorney fees, including to a nonsignatory, whenever the opposing party would have been entitled to attorney fees under the contract had they prevailed. (See, e.g., *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128-129.) This includes a litigant who prevails by arguing a contract is invalid or inapplicable; otherwise, "the right to attorney fees would be effectively unilateral—regardless of the reciprocal wording of the attorney fee provision allowing attorney fees to the prevailing attorney—because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 611.)

Baharian-Mehr's complaint was unquestionably based primarily on the general partnership agreement and addendum, and his opening brief again states that SGRL ratified and accepted those documents. Thus, we have no trouble finding that if Baharian-Mehr had prevailed, SGRL would have been liable to him for attorney fees under those same agreements. Thus, Civil Code section 1717 applies as a matter of reciprocity.

5

*C. Payment of Smith's Fees by SGRL*

Baharian-Mehr argues that Glenn is not entitled to receive any fees because his fees were covered by SGRL pursuant to Corporations Code sections 317. That statute, among other things, gives a corporation the power to indemnify its agents from lawsuits under many circumstances. (Corp. Code, § 317, subds. (b), (c).) Under subdivision (d), "To the extent that an agent of a corporation has been successful on the merits in defense of any proceeding referred to in subdivision (b) or (c) or in defense of any claim, issue, or matter therein, the agent shall be indemnified against expenses actually and reasonably incurred by the agent in connection therewith." (Corp. Code, § 317, subd. (d).)

According to Baharian-Mehr, because SGRL did indemnify Glenn and paid his attorney fees, he cannot recover any fees from Baharian-Mehr. He cites two cases in support of this proposition. One of them, *Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498, has nothing to do with Corporations Code sections 317. Indeed, it is never mentioned. That case addresses whether fees are recoverable for defending claims under the Cartwright Act and other overlapping claims. (*Id.* at p. 504.) While it refers generally to not allowing fee awards to deter the enforcement of important statutory rights, those rights are in reference to the Cartwright Act itself (*id.* at p. 505) and no similar statutory scheme is applicable here, certainly not the right to officer indemnification under the Corporations Code. This case is simply inapposite.

The second case he cites is *Brusso v. Running Springs Country Club, Inc* . (1991) 228 Cal.App.3d 92 (*Brusso* ).) While Baharian-Mehr appears to argue that *Brusso* precludes Glenn from seeking attorney fees from him because indemnification under Corporations Code section 317 is mandatory, the case does not actually stand for that proposition. In *Brusso,* minority shareholders in a corporation brought a shareholders' derivative suit against the majority shareholders. They lost. (*Id.* at p. 99.) Defendants moved for attorney fees. (*Ibid.*) The primary issue for the court was harmonizing the

6

requirements of Corporations Code section 800, which applies only to derivative suits and addresses the requirement of posting a bond in such cases, and Civil Code section 1717's contractual attorney fee provision. (*Id.* at p. 101.)

The plaintiffs in *Brusso* argued that when no security was required under Corporations Code section 800, defendants could only recoup their costs from the corporation under Corporations Code section 317. (*Brusso*, *supra*, 228 Cal.App.3d at p. 103.) The court noted that indemnification was mandatory under section 317, subdivision (d). (*Ibid.*) But it was not exclusive. "The mandatory element of subdivision (d) protects corporate agents from an antagonistic board, disinclined to vote to indemnify under the permissive provisions. [Citation.] Subdivision (d) was enacted therefore, for the *benefit of parties in the posture of defendants here,* who are successful in their defense, and it is mandatorily applied to the corporation should corporate agents seek it." (*Id.* at p. 104.) But, the court held, that did not preclude recovery under Civil Code section 1717. Indeed, the court stated that "the consequences of requiring defendants to recover their attorney's fees through section 317 exclusively are absurd . . . ." (*Ibid.*)

Thus, *Brusso* is not on point. It does not address the situation here, where a losing party seeks to preclude a prevailing party from seeking fees already paid by the corporation. Baharian-Mehr does not offer any argument why such a rule would be appropriate, leaving the corporation to hold the bag and the losing party with a get-out-of-attorney-fees free card. It would frustrate the purposes of Corporations Code section 317 and leave the wrong party to pay the fees. We therefore decline to accept Baharian-Mehr's proposed rule on this point.

D. *Apportionment of Fees Between Tort and Contract Claims*

The actual amount of fees, unlike the legal entitlement to fees at the outset, is reviewed for abuse of discretion. "'The "experienced trial judge is the best judge of

7

the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong"—meaning that it abused its discretion.'" (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095, quoting *Serrano v. Priest* (1977) 20 Cal.3d 25, 49.) This includes the apportionment of fees between claims covered by an attorney fee provision and those that are not. (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111.) A trial court's exercise of discretion is abused only when its ruling exceeds the bounds of reason, all of the circumstances before it being considered. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281.)

With respect to all three defendants, Baharian-Mehr argues the trial court inappropriately failed to apportion the fees between the contract and noncontract causes of action. He concedes the causes of action for accounting, injunctions and breach of contract are covered by the attorney fees provision, but argues his claims for breach of fiduciary duty, constructive fraud, and constructive trust are not. While he acknowledges the rule that a fee award need not be apportioned when counsel's services relate to issues common to both causes of action, he offers no meaningful argument on this point, simply claiming the noncontract claims "do not relate." Despite Leroy pointing out this deficiency in his responsive brief, in reply, Baharian-Mehr simply restates, almost verbatim, the same assertions unsupported by factual or legal argument.

Baharian-Mehr has waived this argument. "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties. [Citation.]" (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)

Even if he had not, we would find no abuse of discretion. """"Attorney fees need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal theories." [Citation.]'" (*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 417.) Here, Baharian-Mehr's complaint states over 13 pages of common facts and then alleges

8

multiple legal theories based on the same facts. All of those facts related to the alleged mismanagement of the business by defendants. The only facts not common to the rest of the claims related to Baharian-Mehr's claim of assault by Leroy, which was not included in the fee award. The trial court did not abuse its discretion by choosing not to apportion the fee award.

*E. Amount of Fees*

With respect to all three defendants, Baharian-Mehr argues the amount of fees awarded were unreasonable and excessive. These "arguments" are simply laundry lists of billing items going on for page after page that Baharian-Mehr feels should have been disallowed. He does not provide record references to any of these items showing where we might locate the actual disputed bill.[2] In his reply brief, he essentially restates these lists, and adds new items he also feels should have been disallowed.[3] He offers no legal citations as to why such items should not have been recoverable, offering only brief factual notes which frequently offer no pertinent information. Baharian-Mehr asserts many items were "unrelated to appellant," although those items unquestionably arose out of this case, which he initiated.

He argues the court never gave specifics as to why certain items were disallowed, or, presumably, allowed. He offers no authority requiring such detail in an attorney fees order. The court's final order (there had been several preliminary orders relating to fees) was, in fact, quite detailed, grouping Baharian-Mehr's challenges according to category, allowing some, and disallowing others. The order reflects

---

[2] This alone is sufficient grounds for rejecting his claim on this point. (*Schubert v. Reynolds* (2002) 95 Cal.App.4th 100, 109.)

[3] We disregard any such claims out of hand because they were made for the first time in the reply brief. (*Schubert v. Reynolds, supra,* 95 Cal.App.4th at p. 108.)

9

thoughtful, careful consideration. As to the allowed items, the court concluded "counsel's fees were reasonably incurred and counsel's billing rates are reasonable."

Baharian-Mehr simply offers no argument as to why the items allowed by the trial court were an abuse of discretion. His conclusory statements that many items did "not relate" to him were rejected by the trial court, and he offers no specific legal argument as to why the court's decision was improper. He fails to establish an abuse of discretion under the relevant legal standard, and we therefore reject his claims.

## III

## DISPOSITION

The order is affirmed. Defendants are entitled to their costs on appeal. Any motion for attorney fees on appeal shall be filed with the trial court.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.


10