Filed 1/12/15  Thrifty Payless v. Mariners Mile Gateway CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THRIFTY PAYLESS, INC., | |
| Plaintiff and Respondent, | G049333 |
| v. | (Super. Ct. No. 06CC11888) |
| MARINERS MILE GATEWAY, LLC et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, David T. McEachen, Judge.  Affirmed.

Burkhalter Kessler Clement & George, Daniel J. Kessler and Michael Oberbeck for Defendants and Appellants.

Lurie, Zepeda, Schmalz & Hogan, Wayne C. Arnold and Shawn M. Ogle for Plaintiff and Respondent.

\*          \*          \*

This is an appeal from a costs award in favor of respondent Thrifty Payless, Inc., doing business as Rite Aid (Rite Aid). Appellant Mariners Mile Gateway, LLC (Mariners) argues Rite Aid is not entitled to costs because the memorandum of costs was untimely filed. We find the memorandum was timely filed and therefore affirm the cost award.

I

FACTS

The underlying facts of this case are discussed in the first appeal of this matter, *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 Cal.App.4th 1050, and the motion that was the basis for Rite Aid's costs memorandum is discussed at length in the second appeal, filed concurrently with this opinion. (*Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (Jan. 12, 2015, G048531) [nonpub. opn.].) In that motion, the court denied Mariners's request to recover on a $5 million preliminary injunction bond that had been posted by Rite Aid.

The court issued a document entitled "Statement of Decision and [Judgment]" in favor of Rite Aid on April 4, 2013. That document was accompanied by a clerk's certificate of service by mail, which was also dated April 4. In its entirety, that document read: "I certify that I am not a party to this cause. I certify that a true copy of STATEMENT OF DECISION AND [JUDGMENT] was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Santa Ana, California, on 04/04/2013." No other notice of judgment or notice of entry of judgment appears in the record.

On May 29, Rite Aid submitted a proposed judgment seeking to clarify that Mariners's action and motion were both dismissed with prejudice, and the bond was exonerated. Mariners objected on June 10, arguing judgment had already been entered. The trial court sent notice it declined to sign the proposed order on June 21. Rite Aid

2

tried again on June 27, but again Mariners objected. While not reflected in the record, the parties agree the court did not sign this proposed order either.

Meanwhile, on June 13, Mariners filed a notice of appeal in the underlying case. It filed its opening brief in December.

On July 25, Rite Aid filed a memorandum of costs in the underlying case, seeking a total of $343,264,71, most of which was comprised of the $275,000 it had spent on bond premiums. On August 8, Mariners filed a motion to strike and/or tax Rite Aid's costs, arguing the court should strike the memorandum as a whole because it was not filed within 15 days of the clerk's mailing. Mariners also took issue with some of the specific costs, such as transcripts not ordered by the court and certain travel expenses.

Rite Aid's opposition argued the costs memorandum was timely because, to trigger the 15-day deadline, any notice of entry of judgment mailed by the clerk must, according to rule 3.1700(a)(1) of the California Rules of Court,[1] comply with Code of Civil Procedure section 664.5.[2] Unless such compliance was present, the deadline was 180 days after the entry of notice of judgment. In reply, Mariners argued the document served by the clerk satisfied the requirements of section 664.5, thereby triggering a 15-day deadline.

The trial court heard argument and took the matter under submission. On September 23, the court issued a minute order concluding the memorandum was timely filed. The court concluded the clerk's service of a copy of the judgment in April did not meet the requirements of section 664.5 because there was no express court order directing the clerk to mail a formal entry of judgment under that statute, nor did the clerk's certificate specify the copy was served pursuant to section 664.5 or on order of the court.

---

[1] Subsequent references to rules are to the California Rules of Court.

[2] Subsequent statutory references are to the Code of Civil Procedure.

3

(§ 664.5, subd. (d).)  Thus, the clerk did not technically serve notice under section 664.5, and thereby did not trigger the 15-day time limit.

The court taxed approximately $15,332 in costs based on Mariners remaining arguments, and directed Rite Aid to file a notice of motion and proposed order awarding a total of $327,932.71 in costs.  They did so, and the court signed the order on October 16.  Mariners filed a notice of appeal as an order after judgment on November 22.

II

DISCUSSION

A.  *Standard of Review*

The parties agree our review is de novo, and they are correct.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)  We may, however, uphold the trial court's decision if it is correct on any ground.  (*Schubert v. Reynolds* (2002) 95 Cal.App.4th 100, 110.)

B.  *Statutory Framework*

Section 664.5 states, as relevant here:  "(a) In any contested action or special proceeding . . . the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service by mail. . . .  [¶] (b) Promptly upon entry of judgment in a contested action or special proceeding in which a prevailing party is not represented by counsel, the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action or special proceeding and shall execute a certificate of such mailing and place it in the court's file in the cause.  [¶] . . . [¶] (d) Upon order of the court

4

in any action . . . the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable."

Thus, generally, section 664.5 requires "the party submitting an order or judgment" to serve notice on the parties and file the original with the court. The clerk typically only serves notice in an action where the prevailing party is unrepresented, or where the court orders the clerk to do so.

Rule 3.1700(a)(1) states, as relevant here: "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first."

## C. Rite Aid's Deadline to File

Although Mariners mightily attempts to complicate matters, this is a simple dispute. To trigger the 15-day deadline under rule 3.1700, one of the two conditions must be satisfied: 1) the clerk must mail notice of entry of judgment or dismissal under section 664.5 within 15 days; or 2) service of written notice of entry of judgment or dismissal within 15 days.

Mariners argues that while the trial court considered whether the notice complied with section 664.5, but did not address whether the notice satisfied the provision of rule 3.1700 stating "or the date of service of written notice of entry of judgment." They argue this was prejudicial and we should therefore reverse, but this ignores the rule that we can affirm if the trial court was correct on any ground supported by the record. (*Schubert v. Reynolds*, *supra*, 95 Cal.App.4th at p. 110.) We therefore review the record to determine if the court's ruling was correct.

5

*1. Notice under section 664.5*

The court, Mariners argues, erroneously followed *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51 (*Van Beurden*). That case addressed the triggering of statutory deadlines in the circumstances present here, when a clerk mails notice under section 664.5. (*Id.* at p. 54.) *Van Beurden* dealt with the time to file an appeal when a party had served a motion for new trial or judgment notwithstanding the verdict. The critical question was whether the 60-day time limit for filing an appeal ran from the earlier date the clerk mailed the copy of the judgment, or the later date the party filed its notice of intent to move for a new trial. (*Id.* at p. 55.)

The *Van Beurden* court noted it was undisputed "that the clerk's mailing of the file-stamped copy of the judgment commenced the 60-day time limit for ruling on the new trial motion *only* if it constituted a formal 'notice of entry' of judgment mailed by the clerk '[u]pon order of the court.' (Code Civ. Proc., § 664.5.) If not, it is immaterial that Van Beurden otherwise received actual notice of the date the judgment was entered." (*Van Beurden*, *supra*, 15 Cal.4th at pp. 57-58.) Courts should not engage in "'guesswork,'" the *Van Beurden* court held, and therefore may not "'presume' that any notice of entry of judgment mailed by a clerk of the court was ordered by the court 'pursuant to section 664.5.' [Citation.]" (*Id.* at p. 63.) "To avoid uncertainty, we clarify that . . . when the clerk of the court mails a file-stamped copy of the judgment, it will shorten the time for ruling on the motion for a new trial only when the order itself indicates that the court directed the clerk to mail 'notice of entry' of judgment " or was "'given under section 664.5.'" (*Id.* at p. 64.)

Mariners argues that *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265 (*Palmer*) should have been adopted by the trial court here. *Palmer* addressed the jurisdictional time frame for posttrial motions when the clerk does *not* mail notice. (*Id.* at

p. 1270.)  Instead, notice was served by a party by mailing a copy to the party's attorney. (*Id.* at p. 1268.)  The court held the statutory requirement of giving notice of entry of judgment was generally satisfied once a party serves a copy of the file-stamped judgment. (*Id.* at p. 1267.)

*Van Beurden* is far more pertinent to the instant case than *Palmer*, which addressed a completely different set of facts.  The takeaway from *Van Beurden* is that a notice is only a notice under section 664.5 if that is clear on the face of the order.  That is not the case here.  Further, we reject Mariners's argument that *Palmer* somehow undermined the holding of *Van Beurden*  relevant here:  "To be service 'pursuant to Section 664.5' (§§ 659, 660) the notice of entry of judgment mailed by the clerk must 'affirmatively state' it is given '"upon order by the court" or "under section 664.5"' [citation]."  (*Palmer*, *supra*, 30 Cal.4th at p. 1277.)

This essential holding of *Van Beurden* was reaffirmed again by the Supreme Court in a case decided several years after *Palmer, Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894 (*Alan*), concluding a clerk's mailing did not trigger the beginning of the time period to file an appeal because it did not comply with the relevant Rules of Court.  (*Id.* at p. 902.)  The same is true here.

### 2. *Other Service*

The essence of Mariners's remaining argument seems to come down to this:  if Rite Aid received *any notice at all*, the 15-day deadline was triggered.  But we cannot agree.  Rite Aid did not receive notice from a party, it received notice from the clerk.  And we find that any notice by the clerk must conform with section 664.5.

Ordinary principles of statutory interpretation govern the interpretation of the California Rules of Court.  (*Alan*, *supra*, 40 Cal.4th at p. 902.)  The purpose of statutory interpretation is to determine the intent behind the statute or rule, and therefore

7

effectuate the purpose of the law. (*Hunt v. Superior Court* (1999) 21 Cal.4th 984, 1000.) Two principles of statutory interpretation are important here. First, the more specific statute controls over the more general when the two are mutually exclusive. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 478.) Second, we should avoid an interpretation that renders part of the statute superfluous. (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1048.)

Had the drafters of rule 3.1700 intended for *any* mailing by the clerk to be sufficient to trigger the 15-day deadline, the language of the first clause requiring compliance with section 664.5 would be superfluous. The rule could simply have stated that any notice by the clerk triggered the 15-day deadline. The rule, however, does not do so. Instead, it specifies that mailing of the notice of entry of judgment or dismissal *by the clerk* must comply with section 664.5. The notice here did not do so.

In compliance with the principle that the more specific language controls over the general, we can only reasonably conclude the next clause, "or the date of service of written notice of entry of judgment or dismissal," refers to service by someone who is not the clerk and must conform with general service procedures. There was certainly nothing here, incidentally, that stopped Mariners from properly serving Rite Aid, had it wished to trigger the earlier notice.

It is undisputed that neither clause was followed here. The clerk's notice did not conform with section 664.5, and no other service was ever effected. We therefore conclude the trial court correctly decided it was the 180 day, and not the 15 day, filing requirement that applied to this case.

8

## III

## DISPOSITION

The order is affirmed.  Rite Aid is entitled to its costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.